The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR08-0112-JCC |
| Plaintiff, | MEMORANDUM AND DECISION REGARDING STIPULATED FACTS BENCH TRIAL |
| v. | |
| SCOTT ANDREW SHAIN, | |
| Defendant. | |

Defendant Scott Andrew Shain was charged in an eight-count indictment with the crimes of Count 1, Social Security Fraud, in violation of Title 42, United States Code, Section 408(a)(6); Count 2, Misrepresenting a Social Security Number, in violation of Title 42, United States Code, Section 408(a)(7)(B); Count 3, Unlawful Production of an Identification Document, in violation of Title 18, United States Code, Sections 1028(a)(1), 1028(b)(1)(A)(ii), and 1028(c)(3)(B), and 2; Counts 5, 6, and 7, Mail Fraud, in violation of Title 18, United States Code, Sections 1341 and 2; and Count 8, Felon in Possession of a Firearm, in violation of Title 18, United States Code, Section 922(g)(1). Defendant entered guilty pleas to counts 1 through 3, and 5 through 8. Upon waiver of his right to a jury trial by Defendant as to Count 4, that count was tried to the Court in a stipulated facts bench trial on July 24, 2008. The Court has fully considered the stipulated facts presented at trial, the plea agreement signed by the parties, and the argument of counsel, and being fully advised, now makes the following Findings of Fact and Conclusions of Law in Support of the decision that was rendered from the bench on Thursday, July 24, 2008.

Defendant does not contest the facts set forth regarding his activities in relation to Counts 1 through 3, and 5 through 8. Defendant's contention is that he is not guilty of Count 4 because the word "person," as used in the Aggravated Identity Theft statute, does not include deceased persons.

Having considered the stipulated facts and background summary, the Court now renders the following Findings of Fact and Conclusions of Law.

## **FINDINGS OF FACT AS TO COUNT 4**

The parties stipulated to the following facts as to Count 4, Aggravated Identity Theft:

1. On November 11, 1955, Defendant Scott Andrew Shain was born in Chelsea, Massachusetts, to his mother Joan C. Marlborough Shain and his father Murray Shain.

2. In 1972, Defendant Shain applied for and was assigned Social Security Number (SSN) \*\*\*-\*\*-7331 by the Commissioner of Social Security.

3. On August 19, 1960, William Everett Gee was born in Detroit, Michigan, to Margaret Alice Bender and Robert W. Gee; William Everett Gee was the brother of Stephen Grant Lee.

4. In May 1976, William Everett Gee applied for and was assigned SSN \*\*\*-\*\*-9713 by the Commissioner of Social Security.

5. William Everett Gee is deceased; he died of cancer in 1977 at the age of 17, in Seattle, Washington, and is buried in Detroit, Michigan.

6. On March 3, 2008, Defendant Shain went to a Social Security Administration (SSA) Office in Seattle, within the Western District of Washington and spoke to an SSA employee, who assisted Defendant in completing an SSA application form SS-5 in order to obtain a replacement Social Security number (SSN) card. While in the Seattle SSA office, Defendant used William Everett Gee's name, date of birth (August 19, 1960), and SSN (\*\*\*-\*\*-9713), on an application for a replacement SSN card.

7. On March 3, 2008, while at the SSA office, defendant provided a Washington State driver license with William Everett Gee's name, but with Defendant's photograph, printed on it, to an SSA employee in an effort to prove his identity.

8. The SSA employee who assisted Defendant on March 3, 2008, told him that a replacement SSN card would be mailed to him at the Seattle, Washington address that he provided within 14 days.

9. On March 3, 2008, Defendant knowingly used or possessed the name, date of birth, and SSN of the deceased person William Everett Gee and Defendant knew that William Everett Gee was a deceased male.

10. On March 3, 2008, Defendant was without lawful authority to use or possess the deceased William Everett Gee's means of identification, specifically William Everett Gee's date of birth, SSN, and name.

11. On or about March 3, 2008, Defendant used the name, date of birth, and SSN of the deceased William Everett Gee during and in relation to a felony listed in Title 18, United States Code, Section 1028A(c), specifically, defendant used, transferred, or possessed the means of identification of William Everett Gee during and in relation to the felony of Mail Fraud, in violation of Title 18, United States Code, Sections 1341 and 2.

12. Defendant has pleaded guilty to Count 7, Mail Fraud, occurring in March 2008, in which he used the United States mail to obtain property, specifically, a replacement SSN card in the name of William Everett Gee bearing SSN \*\*\*-\*\*-9713. As part of this scheme, defendant knew that he made a material false statement when he stated that his name was William Everett Gee, that his date of birth was August 19, 1960, and that his SSN was \*\*\*-\*\*-9713.

13. In March 2008, Defendant acted with the intent to defraud and used the mail to carry out an essential part of his Mail Fraud scheme.

14. On March 6, 2008, the replacement SSN card in William Everett Gee's name was mailed from Baltimore, Maryland, to the address where Defendant resided in Seattle, Washington. On March 12, 2008, the SSA letter to William Everett Gee containing the replacement SSN card was received at the U.S. Post Office in Seattle, Washington.

## **CONCLUSIONS OF LAW**

Having found these stipulated facts, the Court now makes the following Conclusions of Law:

1. Defendant is charged in Count 4 of the Indictment with Aggravated Identity Theft, in violation of Title 18, United States Code, Section 1028A, involving Mail Fraud, in violation of Title 18, United States Code, Section 1341. In order for Defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

    a. the Defendant knowingly transferred, possessed, or used without lawful authority, a means of identification of another person; and

    b. the Defendant did so during and in relation to a felony enumerated in Title 18, United States Code, Section 1028A(c), specifically, Mail Fraud.

2. The parties have stipulated to facts which support these elements, with the sole issue being whether the word "person," as used in the Aggravated Identity Theft statute, includes deceased persons, or whether the word "person" applies only to living persons.

3. This is an issue of first impression in the Ninth Circuit. However, the First and Eighth Circuits, the only Circuits to address the issue, have both recently held that the statute does include a deceased person. *See United States v. Kowal*, 527 F.3d 741, 746–47 (8th Cir. 2008); *United States v. Jimenez*, 507 F.3d 13, 19–22 (1st Cir. 2007). The Court finds no reason to diverge from the well-supported reasoning in those persuasive cases.

"The Supreme Court has directed that the first step in interpreting a statute 'is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case.'" *Texaco Inc. v. United States*, 528 F.3d 703, 707 (9th Cir. 2008) (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997)). "'The inquiry ceases if the statutory scheme is coherent and consistent.'" *Id.* (quoting *Barnhart v. Sigmon Coal Co., Inc.*, 534 U.S. 438, 450 (2002)). Defendant and the Government each urge the Court to find that the word "person," as used in the Aggravated Theft Statute, is plain and unambiguous. The Government points out that the statute does not limit "person" to "living person" on the face of the statute. (Gov't's Trial Br. 4 (Dkt. No. 29).) Defendant argues that "[t]he Ninth Circuit has generally interpreted the word 'person,' as used in a legal context, to define 'a living human being,' and to exclude 'a corpse or a human being who has died.'" (Def.'s Trial Br. 3 (Dkt. No. 30) (quoting *Guyton v. Phillips*, 606 F.2d 248, 250 (9th Cir. 1979)). However, the Court does

not consider *Guyton* to be particularly helpful here, given that the Court in that case discussed the meaning of "person" in the context of holding that the Civil Rights Act does not provide a cause of action on behalf of a deceased person based upon allegations that the deceased person's civil rights were violated after his death. 606 F.2d at 250. The statute at issue here does not purport to grant rights to dead persons.

Both *Kowal* and *Jimenez* recognize that the dictionary definitions of "person" are somewhat varied. Black's Law Dictionary defines "person" as "a human being." BLACK'S LAW DICTIONARY (8th ed. 2004). Some other dictionaries define "person" as "a living human being." *See, e.g.*, WEBSTER'S II NEW RIVERSIDE UNIV. DICTIONARY (1984). As the Eighth Circuit has held:

> [i]n common usage, however, the adjectives 'living' and 'deceased' may both properly be used to narrow, that is to make more specific, the meaning of the noun 'person.' The word 'person' thus encompasses both the living and the deceased, and each of such persons possesses an identity which is susceptible to misappropriation. It is reasonable to assume that Congress considered it unnecessary to distinguish between theft of the identity of a deceased person as opposed to a living person because the word 'person' is broad enough to cover both.

*Kowal*, 527 F.3d at 746.

The surrounding language and the statute's structure also support the conclusion that "person," for purposes of Aggravated Identity Theft, includes a deceased person. As the First Circuit has explained:

> Aggravated identity theft has two variations, defined in consecutive sections. 18 U.S.C. § 1028A(a)(1) & (2). The first [is as described *supra* ¶ 1]. The second relates specifically to terrorism and applies to those who " . . . possess[], or use[] . . . without lawful authority . . . a means of identification of another person or a false identification document" during or in relation to the commission of one of the offenses enumerated in the definition of "Federal crime of terrorism." 18 U.S.C. § 1028A(a)(2) (citing 18 U.S.C. § 2332b(g)(5)(B)). The phrase "means of identification of another person" is identical in subsections (a)(1) and (a)(2), strongly intimating that it has the same meaning in both. *See Comm'r v. Lundy*, 516 U.S. 235, 250, 116 S.Ct. 647, 133 L.Ed. 2d 611 (1996) ("close proximity" of two statutory provisions "strengthen[s] the normal rule of statutory construction that identical words used in different parts of the same act are intended to have the same meaning" (internal quotation omitted)). Section 1028A(a)(2) refers to "means of identification . . . or a false identification document." "Means of identification" includes "any name or number that may be used . . . to identify a specific individual." 18 U.S.C. § 1028(d)(7). "False identification document" comprises any false or falsified "*document* of a type intended or commonly accepted for the purposes of identification." 18 U.S.C. § 1028(d)(7) (emphasis added). The meaning of "person" urged would not punish those using Social Security Numbers identifying the dead unless the defendant happened to possess

the Social Security card or another "identification document." To avoid this nonsensical result, "person" in subsection (a)(2) must refer to persons both living and dead. And "person" in subsection (a)(1) most likely has the same meaning as in (a)(2).

*Jimenez*, 507 F.3d at 19–20 (brackets added). Accordingly, a plain reading of the statute and the language and structure of the statute support the Government's position. "The plain meaning of the statute controls, and courts will look no further, unless its application leads to unreasonable or impracticable results." *United States v. Daas*, 198 F.3d 1167, 1174 (9th Cir. 1999). The Court's finding that "person" encompasses a deceased person within the context of § 1028A(a)(1) does not lead to unreasonable or impracticable results.

Although the Court does not find the statute ambiguous, and therefore need not examine legislative history to find congressional intent, see *Daas*, 198 F.3d at 1174, the Court notes that, contrary to Defendant's assertion that the legislative history is silent on the issue, the underlying district court opinion in *Kowal* highlighted a portion of the hearing on the statute held on March 23, 2004, by the Subcommittee on Crime, Terrorism and Homeland Security, that supports the Government's position. *See United States v. Kowal*, 486 F. Supp. 2d 923, 933 (N.D. Iowa 2007) (quoting *Identity Theft Penalty Enhancement Act, and the Identity Theft Investigation and Prosecution Act of 2003, Hearing on H.R. 1731 and H.R. 3693 before Subcomm. on Crime, Terrorism, and Homeland Security of the House of Representatives Comm. on Judiciary*, 108th Cong. 32–33 (2004) (statement of Timothy Coleman, Counsel to the Assistant Attorney General, Criminal Division, United States Department of Justice and Representative Adam B. Schiff), *available at* http://frwebgate.access.gpo.gov/cgi-bin/getdoc.cgi?dbname=108_house_hearings& docid=f:92671.wais (last visited July 23, 2008)). The district court quoted an exchange between Representative Adam B. Schiff, who co-sponsored the statute, and Timothy Coleman regarding the term "another person" in § 1028A(a)(1), in pertinent part, as follows:

> MR. SCHIFF. Couple of questions about some of the language in the bill, trying to get a sense of the scope of the language. In section A where the offenses are defined, it refers to a means of identification of another person. I take it by the choice of that language that these enhancements apply when the fraudulent identification is that *of another existing person, either live or deceased, but an actual individual*, so in the case of a garden-variety immigration case where somebody fabricates an identity card out of whole cloth, not referring to any other person but merely invents a persona, that that [sic] would not be included within the sweep of this.

> MR. COLEMAN. I believe that is correct. That is my understanding of how the legislation was drafted in my construction of the plain language. . . .

*Id.* (emphasis added). As such, even the legislative history supports the Court's conclusion that "person" in § 1028A(a)(1) encompasses a deceased person.

Additionally, according to the House Report of June 8, 2004, the purpose of the statute is to "provide[] enhanced penalties for persons who steal identities to commit terrorist acts, immigration violations, firearms offenses, and other serious crimes." H.R. REP. NO. 108-528, at 3 (2004), *as reprinted in* 2004 U.S.C.C.A.N. 779, 780. As both the First and Eighth Circuits recognized, the legislative purpose of the statute is served by including deceased persons in the meaning of "person." The misappropriation of an identity of a real person is more difficult to detect than an identity fabricated out of whole cloth. *Kowal*, 527 F.3d at 747. "An identity stolen from a deceased person, however, is far less likely to be uncovered than one stolen from a living person." *Id.*; *see also Jimenez*, 507 F.3d at 20 n.8 ("The dead, after all, will not create conflicting paper trails or notice strange activity on their credit reports."). "From a deterrence perspective, a stiffer penalty is logically called for when the risk of detection decreases." *Jimenez*, 507 F.3d at 20.

Defendant urges that the rule of lenity be applied here. (Def.'s Trial Br. 5 (Dkt. No. 30).) The Supreme Court has "instructed that 'ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity.'" *Cleveland v. United States*, 531 U.S. 12, 25 (2000) (internal citation omitted). However, "the rule of lenity applies only when the statutory language contains 'grievous ambiguity or uncertainty' and 'when, after seizing everything from which aid can be derived, we can make no more than a guess as to what Congress intended.'" *United States v. Banks*, 514 F.3d 959, 968 (9th Cir. 2008) (internal citation omitted). For the reasons articulated above, such is not the case here.

Therefore, the Court hereby finds that "person" within the meaning of the Aggravated Identity Theft statute, 18 U.S.C. § 1028A(a)(1) encompasses a deceased person.

//

//

4. Accordingly, the Court finds Defendant GUILTY of Count 4 as charged in the Indictment.

DATED this 24th day of July, 2008.

_____
JOHN C. COUGHENOUR
United States District Judge